UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Carlos A. G. G., | Case No. 19-cv-0459 (WMW/LIB) |
| Petitioner, | **ORDER** |
| v. | |
| Mathew Whitaker et al., | |
| Respondents. | |

This matter is before the Court on the June 17, 2019 Report and Recommendation (R&R) of United States Magistrate Judge Leo I. Brisbois. (Dkt. 9.) The R&R recommends granting Petitioner Carlos A. G. G.'s petition for a writ of habeas corpus and granting Petitioner's immediate release from detention. Respondents filed timely objections. For the reasons addressed below, the Court rejects the R&R, denies the habeas petition as moot, and dismisses this case without prejudice.

**BACKGROUND**

Petitioner, a native and citizen of Honduras, was taken into ICE custody pursuant to 8 U.S.C. § 1226, which provides for mandatory detention of any alien deportable by reason of having committed certain criminal offenses. Petitioner was convicted in Iowa state court of delivering a controlled substance. On April 19, 2018, an immigration judge found that Petitioner's Iowa conviction was not a controlled substance offense for the purpose of the Immigration and Nationality Act, 8 U.S.C. §§ 1101 *et seq.*, and therefore Petitioner was not removable. The United States Department of Homeland Security (DHS) subsequently

appealed the immigration judge's decision to the Board of Immigration Appeals (BIA). Petitioner filed the instant habeas petition while DHS's appeal was pending.

When the R&R issued, the record did not establish whether or how the BIA ruled on DHS's appeal. But in a supplemental declaration submitted with Respondents' objections to the R&R, ICE deportation officer Andrew Perez declares that the BIA dismissed DHS's appeal on May 10, 2019, and Petitioner was released from ICE custody on May 16, 2019. The BIA's decision is included as an exhibit to Perez's declaration.

## ANALYSIS

Respondents object to the R&R solely on the ground that, as Petitioner has been released from ICE custody, his habeas petition is now moot. A district court reviews de novo those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1)(C). In doing so, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3).

A federal court's authority is limited to deciding the case or controversy before it. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990). A court cannot grant relief when an event occurs while a case is pending that would prevent the requested relief from addressing the allegations. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992). A habeas petitioner's release from custody moots the habeas petition when a court can no longer grant effective relief. *See Ali v. Cangemi*, 419 F.3d 722, 724 (8th Cir. 2005).

The mootness doctrine is subject to certain exceptions, however. *See Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998). Under these exceptions, the Court will not deny the habeas

2

petition as moot if (1) any secondary or "collateral" injury survives; (2) Petitioner's injury is caused by a wrong capable of repetition yet evading review; (3) Respondents have ceased but are free to resume their allegedly illegal practice at any time; or (4) the case is a properly certified class action. *Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002) (quoting *Chong v. Dist. Dir., INS*, 264 F.3d 378, 384 (3d Cir. 2001)). Based on the record before the Court, none of these exceptions applies. Petitioner challenges only the lawfulness of his detention. Because his detention has ended, no secondary or collateral injury survives. Petitioner's allegedly unlawful detention is not capable of repetition nor are Respondents free to resume the alleged illegal activity by taking Petitioner into ICE custody again under these facts and circumstances because the BIA has affirmed that Petitioner is not removable. Finally, this case is not a class action. For these reasons, the Court concludes that Petitioner's habeas petition is moot and rejects the R&R on that basis.

## ORDER

Based on the R&R, the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. The June 17, 2019 R&R, (Dkt. 9), is **REJECTED**;

2. Petitioner Carlos A. G. G.'s petition for a writ of habeas corpus, (Dkt. 1), is **DENIED AS MOOT**; and

3. This case is **DISMISSED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 26, 2019        s/Wilhelmina M. Wright
                              Wilhelmina M. Wright
                              United States District Judge